# FIDELITY INSURANCE, TRUST, AND SAFE DEPOSIT CO.'S APPEAL.

A bill of review to correct a mistake of fact, cannot be filed without leave of Court.

Where a decree is entered by agreement, a bill of equity will not lie to open the decree on the ground that one of the parties was mistaken in the amount of his claim.

Certiorari to the Common Pleas No. 4., of Philadelphia County. No. 288, January Term, 1884.

The Fidelity Co., as guardians of Margaretta P. Norris, filed a bill in equity against John H. Gould, and others, for partition. A decree was entered in this case, on March 14th, 1882. A new bill, to set aside this decree, was filed, aginst all these defendants, on June 22nd, 1882, which bill was, on motion of defendants, stricken from the files, on July 15th, 1882. On the same day a petition for leave to file a bill of review was presented, but dismissed, on June 16th, 1883. The Fidelity Co. claimed that the auditor had made a plain mistake in calculating the amount due to its ward, and the auditor admitted this subsequently. The bill for review was filed, without leave of the Court. The appellees resisted the bill of review, and claimed that by the birth of Margaretta Norris, a few weeks after her father, George P. Norris, had made a will, leaving all his estate to his wife, she became entitled to one-half thereof, subject to her mother's dower. The mother, believing she was entitled to all, sold to the brothers and sisters of her deceased husband, his one-sixth share of his mother's estate, and they believed that they purchased the whole interest therein, and paid for it. In 1881 it was discovered that Margaretta Norris, being born after the date of the will, was entitled to half, and her guardians commenced suit. They had to pay over again to the child, what they had paid to the mother.

Shortly after the death of George P. Norris, the property on Ninth and Market streets was sold to John H. Gould, the brothers, sister, and wife, as sole legatee, executed the deed. The interest of Margaretta Norris was not affected, and suit was begun for partition. Gould claimed, that his grantors

were responsible, under the warranty in the deed, and the suit was finally compromised by which these parties agreed to pay one twenty-third of $80,000. A decree for this amount was entered by consent. The bill for review was filed on the ground that it was afterwards discovered that the interest of Margaretta Norris was found to be one-sixteenth, instead of one twenty-third. The bill of review was stricken from the files of the Court, on July 15th, 1882, in the following opinion, per

BRIGGS, J.

This bill has been placed on file without leave, and the question is raised whether the bill is of the character which the plaintiff may file of his own motion.

"A bill of review is in the nature of a writ of error, and its object is to procure an examination and alteration, or reversal of a decree made upon a former bill, which decree has been signed and enrolled;" Story's Eq. Pl., 403. The same learned author continues, pl. 404 : "There are but two cases in which a bill of error is permitted to be brought, and these two cases are settled and declared by the first of the Ordinances in Chancery of Lord Chancellor Bacon, respecting bills of review, which ordinances have never been departed from. "No decree shall be reversed, altered or explained, being once under the great seal, but on bill of review. And no bill of review shall be admitted, except it contain either error in law, appearing in the body of the decree, without further examination of the matters of fact, or some new matter, which hath arisen in time after the decree, and not any new proof which might have been used. Nevertheless upon new proof that has come to light after the decree was made, which could not possibly have been used at the time when the decree passed, a bill of review may be grounded by the special license of the Court, and not otherwise."

"If a party seeks to reverse a decree which has been *signed and enrolled*, and upon error apparent, or on new facts, or facts discovered since publication passed in the original cause, he must file a bill of review. ;" Daniels Ch. Pl. and Practice, 1626.

"There are two grounds for a bill of review to reverse a decree. First, error in law, apparent on the face of the decree,

without further examination of matters of fact. And secondly, new facts, or facts discovered since the decree, or at least since publication passed in the original cause, and materially pressing on the decree, and which could not possibly have been used at the time the decree was passed;" *Id.* 1630.

"If a bill of review be brought to reverse a decree upon new facts, or facts newly discovered * * * * since publication, leave must be obtained of the Court to file such bill;" *Id.* 1637.

"Where a decree has been enrolled, there are two grounds of review; error apparent, and new facts, or facts newly discovered. In the first case, the plaintiff the right to file a bill of review; in the two latter cases he must have leave of Court;" Perry vs. Phelips, 17 Vesey, 178.

"So far as reversal is sought on account of error in fact, or matter newly discovered, the bill is not properly before me. Leave of Court should have been obtained and stated in the bill;" 1 Hop. Ch. Rep., 105.

"Where a bill of review is founded on the occurrence or discovery of new matter, the leave of the Court must be first obtained; and this will not be granted, except on an affidavit, satisfying the Court that matter could not by any reasonable diligence have been procured or used by the applicant at the time when the decree was made;" Adams' Eq., *724.

The doctrine of the text books and cases cited has been adopted and followed by the Courts of this State, in putting in force the Act of October 13th, 1840, P. Laws 1841, page 1, in reference to bill of review in the Orphans' Court; Riddle's Estate, 7 H., 431; Russell's Administrator's Appeal, 10 C., 258; Hartman's Appeal, 12 C., 70; Green's Appeal, 9 P. F. Smith, 235; Conrad vs. Conrad, 9 Philadelphia R., 510.

It therefore seems quite clear that, unless the error alleged is apparent in the decree, the bill to review the decree should not be filed without special license of the Court. Now this review is not sought because of error appearing on the face of the decree, but because of an erroneous assumption of the fact by the learned Master as the basis of calculation in ascertaining the plaintiff's dividend, independent of, and notwithstanding the decree. It follows, therefore, that the plaintiffs should

not have filed their bill, without first having obtained the license of the Court to do so ; and the bill should hence be taken from the files, unless the equity set out in the bill is so strong against the defendant as to move the Chancellor's discretion to permit it to remain on file until due proofs be furnished, or to treat the bill itself as a petition for a bill of review.

We do not think this latter course should be resorted to in this case. The features of the case, so far as they refer to the defendant Gould, are indeed quite peculiar. He purchased the premises, which, so far as he is concerned, is the subject of controversy, of the mother of the said Margaretta Price Norris, the minor plaintiff, in September, 1865, at its full value, both the grantor and grantee supposing that the interest then purchased was absolutely and indefeasibly vested in the said grantor. The grantor derived title as devisee of George Pepper Norris. The said minor plaintiff is a child of the said George Pepper Norris, and at the time he made his will she was unborn ; in other words, as to the will, she is a posthumous child, and hence, as to her, the will, under the 13th section of the Act of April 8th, 1833, P. Laws, 319, was void and her father's property, as to her and her mother, passed to them under our intestate laws ; Brightley's Dig., 1477 ; Willard's Estate, 68 Pa., 327 ; Grosvernor vs. Fogg, 81 Id., 400 ; Walker vs. Hall, 34 Id., 483. The conveyance, nevertheless, made by her mother as devisee under the will of the minor's father remained unquestioned until the term of September, 1880, of this Court, and a lapse of fifteen years, when the plaintiffs filed their bill in the right of the minor, to partition off her share and interest in the premises. The case having been referred to a master, it was agreed by the parties before him that the value of the premises purchased by Gould should be fixed at $80,000, and that the proportion due the minor therefrom was 1-23 of that sum. A decree was accordingly by consent, reported by the master, and duly confirmed. About the 20th of March of the present year—1882— in pursuance of said agreement, the plaintiffs delivered a deed to Gould, releasing all their interest in the premises for the consideration of $3,478.26.

It thus appears that in 1865 Gould paid the minor's mother the full value of the property; and it does no violence to reason to presume that since that time her minor daughter has received some benefit from said money in way of maintenance from the mother.    At all events we should not overlook the fact that there is no want of faith on the part of Gould in any of the transactions, to weaken his appeal for equity, while he is called upon to do equity.    And that the features of the case point to the belief that the testator thought to the moment of his death, as his widow certainly did when she joined in the conveyance to Gould, that the devise to his wife would hold good in any event.    Whether this view is correct or not, it is true beyond doubt, those who had the greatest interest in the welfare of the minor plaintiff, adopted that view and acted upon it, and thus procured from Gould full consideration for the premises.

In view of these features we do not think that Gould should be called upon to hand back the vantage he possesses in virtue of the agreement resulting in the decree, and the deed made pursuant thereto, and thus again place his property in the field of controversy *until every requirement in practice essential to impeach an enrolled decree has been complied with.*

In this case we have nothing but the plaintiff's bare allegation, unsupported by oath or affidavit of any kind.    Surely a final decree should not be put in controversy in so frivolous a way.

Mr. Story, in his work on Equity Pleading; pl. 417, remarks, that the granting of "a bill of review for new discovered evidence," (and here the allegation is, that the fact of the mistake alleged was not discovered until after final decree) "is not a matter of right, but it rests in the sound discretion of the Court.    It may therefore be refused, although the facts, if admitted, would change the decree, where the Court, looking to all the circumstances, shall deem it productive of mischief to innocent parties, or for any cause advisable."

Gould is certainly innocent of any inequitable practices or conduct in the premises, and should not again be called into the field of litigation until his equity shall be overborne by

disclosures exhibited in accordance with proceedings in equity practice in cases of this nature.

It is therefore ordered that this bill be taken from the files of the Court.

---

The Fidelity Company then appealed, assigning for error the refusal of the Court to allow the bill of review to be filed, and in striking from the records the bill filed on June 22, 1882.

*C. M. Hough* and *A. S. Biddle, Esqs.*, for appellants, argued that the bill filed on June 22, 1882, was not a bill of review, as the error complained of was occasioned by the mistake of the parties, while a bill of review lies to open the decree for error committed by the Court. This was a decree begun by consent, and cannot be set aside by a bill of review ; 2 Daniel's Chancery Practice, 1,575 ; Dickinson vs. Manks, 1 Cowen, 693 ; Armstrong vs. Cooper, 11 Ill., 540 ; Stewart vs. Forbes, 1 McN. & G., 137 ; Bradish vs. Gee, Ambler, 229 ; Harrison vs. Rumsey, 2 Veasy, Sr., 488 ; Toder vs. Samsan, 1 Brown, P. C., 468. A bill to impeach a decree for fraud is an original bill ; Davenport vs. Stafford, 8 Beavan, 503 ; Doss vs. Tyack, 14 Howard, 297 ; Evans vs. Bacon, 99 Mass., 213 ; Plymouth vs. Russell, 7 Allen, 438 ; Gump's Appeal, 65 Penna, 478 ; Adams vs. Bachert, 83 Penna, 524. An agreement in a Court of common law, chancery or prize, made under a clear mistake, will be set aside ; The Hiram, 1 Wheaton, 440 ; Buck vs. Fawcett, 3 P. Williams, 242. The bill which was struck from the files avers a mutual mistake between counsel and such a mistake should be relieved in equity ; Colyer vs. Clay, 7 Beavan, 188 ; Cochran vs. Willis ; L. R., 1st Chancery App., 58 ; Davis vs. Morier, 2 Collyer, 303 ; Hore vs. Becher, 12 Simons, 465 ; Broughton vs. Hutt, 3 De G. & Jones, 504 ; Swaisland vs. Dearsley, 29 Beavan, 430 ; Webster vs. Cecil, 30 Beavan, 62 ; Bingham vs. Bingham, 1 Vesey, Sr., 127 ; Cocking vs. Pratt, 1 Vesey, Sr., 400 ; Coward vs. Hughes, 1 Kay & Johnson, 449 ; Haven vs. Foster, 9 Pickering, 126 ; Cooper vs. Phibbs, L. R., 2 E. & 1. App,. 150. Where a mistake is made by both parties, the Court will relieve ; Gross vs. Leber, 47 Penna., 525 ; Russell's

Appeal, 75 Penna., 289.   The plaintiffs were the guardians of an infant, and defendants were, by operation of law, her trustees; Phila. Co. vs. Norris, 14 W. N. C., 225.

On behalf of John H. Gould, appellee, *J. C. Grady and J. H. Gendell, Esqs.*, argued that this case being a certiorari, and the record being regular, the judgment must be affirmed. The plaintiff admits that a bill of review will not lie, while if the bill is treated as an original proceeding, it is a distinct cause with different parties, and the certiorari is not directed to it, but to the first bill, which has the same parties that the certiorari has.   This case was one in which the decree carried out the agreement of the parties, while the cases cited by the appellants were those in which the decree entered was different from what the parties had agreed upon, and the Court allowed the decree to be reformed, and make them conform to what the party had agreed to.   Gould was not a trustee for Margaretta Norris; Norris vs. Gould, 15 W. N. C., 187.   As to the assignment of error, complaining of the action of the Court in refusing to allow a bill of review to be filed, it is sufficient to say that the whole argument of the appellants is to the effect that a bill of review will not lie, besides, it is in the discretion of the Court; Story's Equity Pleadings, section 417.

On behalf of the other appellees, *John G. Johnson, J. P. Norris & John J. Ridgeway, Jr., Esqs.*, argued that upon the warranty of the grantors to Gould, the other appellees could not be compelled to pay more than the proportion of the value, at the time of the warranty, at the most 1-16 of $40,000, or $2,500; Bender vs. Fromberger, 4 Dall, 441; Terry vs. Drabenstadt, 68 Penn., 400.   The payment of $3,478.26 was to settle up a family quarrel, and such a compromise will not be disturbed; Burkholder's Appeal, 14 W. N. C., 234. The case of Gump's Appeal, 65 Penna., 476, is not analagous.

The Supreme Court affirmed the decree of the Common Pleas on 26 Jan., 1885, in the following opinion,

PER CURIAM:

There is no merit in either specification of error.   There is no error in striking from the records the bill of review, filed

without leave of the Court. After the decree had been entered the money was paid, deed executed, delivered and recorded. It was the settlement of a family difficulty which should not be disturbed for the cause averred in the petition, inasmuch as all the equities claimed are fully rebutted by the facts set forth in the answer.

Decree affirmed and appeal dismissed at the costs of the appellant.